**Defrim AGO, Petitioner,**

v.

**John D. ASHCROFT, Respondent.**

No. 03–2098.

United States Court of Appeals, Seventh Circuit.

Argued April 20, 2004.

Decided May 28, 2004.

Godfrey Y. Muwonge, Milwaukee, WI, for Petitioner.

George P. Katsivalis, Department of Homeland Security, Office of the District Counsel, Chicago, IL, Michele Y.F. Sarko, Department of Justice, Washington, DC, William M. Martin, Department of Justice, Dallas, TX, for Respondent.

Before EASTERBROOK, EVANS, and WILLIAMS, Circuit Judges.

**ORDER**

Defrim Ago, a native of Albania, applied for asylum based on past political persecution. An immigration judge denied Ago's

application, concluding that he was not credible and, alternatively, that he failed to establish past persecution. The Board of Immigration Appeals affirmed without reaching the IJ's credibility determination, instead agreeing that Ago failed to establish past persecution. Ago petitions for review of the agency's decision. We deny the petition for review, because Ago failed to establish that he suffered persecution by the Albanian government.

Ago is a 38–year–old man from Albania. In 1998 he entered the United States by wading across the Rio Grande River and crossing the border near Brownsville, Texas. Shortly thereafter he was arrested by border patrol agents. When the former Immigration and Naturalization Service initiated removal proceedings against him, Ago conceded deportability but applied for asylum. Specifically, Ago claimed that he had been harassed, threatened, shot at, and beaten because of his work as an organizer for the Democratic Party. The following account is taken from Ago's testimony at the hearing before the IJ.

Ago became a member of the Democratic Party in 1991 and worked as an "organizer." He lived with his family in a small village, where he actively recruited people to his party. During the week he worked as a farmer, but on the weekends he would talk to others in the village about "democratic ideas." Most of the villagers, however, were members of the Socialist Party. Ago claims that he was repeatedly threatened by members of the Socialist Party to stop his political activities.

Conditions in Albania were unstable in the 1990s, and in 1997 the government essentially collapsed. Many people had weapons, and there was little police protection. Ago fled to Greece three different times—in 1992, 1994, and 1996—when the violence in Albania escalated to the point that he no longer felt safe. Each time he stayed in Greece for a few months. On his final trip Ago stayed in Greece from about December 1996 to June 1997. While he was gone Albania held a national election, and the Socialist Party prevailed. Ago testified that he was afraid to return to Albania to participate in the election because of the threats he had received, but that upon his return he continued to organize for his party. Specifically, he testified that he held meetings and told other villagers that the election results had been manipulated.

Ago claimed that his neighbor, Valter, a member of the Socialist Party, frequently threatened him regarding his political activities, telling him "one day I am going to kill you." Valter's threats escalated and in September 1997, shortly after the national election, Valter came to Ago's house, knocked on the window, and demanded that he come out. Valter took out a gun and shot at Ago, missing him by about three feet. Ago was able to escape, and slept at his cousin's house for several days. Ago reported the incident to police, but to Ago's knowledge Valter was never arrested. He believed that the police were protecting Valter because they were also members of the Socialist Party.

A few months later, Ago was walking home at night when he was accosted by a group of masked men. The men told him to stop his organizing activities and then beat him, hitting him with their rifles and kicking him repeatedly. They left him unconscious in the road. Some villagers took him to his cousin's house; he was covered in blood, but he did not go to the hospital because he felt it was too dangerous. In March 1998 Ago decided to leave Albania. Ago decided that Greece was not any safer; a friend who was active in the Democratic Party had been killed in Greece when terrorists burned down his house. Ago flew to the Dominican Repub-

lic and hitch-hiked his way through much of Latin America, ultimately reaching the U.S. border. Ago testified that he feared he would be killed if he returned to Albania.

The IJ denied Ago's asylum application, finding that his account was not credible. The IJ gave several reasons for disbelieving Ago. He first pointed out that Ago had presented "very little corroborative evidence that he ever was a prominent person in the Democratic Party," except for a letter showing that he had been a member of the party since 1991. The IJ also noted discrepancies between Ago's written asylum application and his in-court testimony. Alternatively the IJ concluded that, assuming Ago's testimony was truthful, he had failed to establish past persecution. Relying on a State Department country report, the IJ concluded that Ago had not shown "special circumstances that go beyond the general danger and violence affecting everyone." The BIA affirmed without reaching the IJ's credibility determination, instead agreeing with the IJ's alternative holding that Ago failed to establish past persecution. Ago filed a timely petition for review with this court.

We review the BIA's order under the substantial evidence test and will affirm so long as the BIA's determination is supported by "reasonable, substantial, and probative" evidence in the administrative record as a whole. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Ahmed v. Ashcroft*, 348 F.3d 611, 615 (7th Cir.2003). The Attorney General has discretion to grant asylum to an alien who is a "refugee." A refugee is one who is unwilling or unable to return home "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *Krou-*

*chevski v. Ashcroft*, 344 F.3d 670, 671 (7th Cir.2003). Persecution means more than mere harassment and may arise from such actions as detention, arrest, interrogation, beatings, torture, or threats of death. *Oforji v. Ashcroft*, 354 F.3d 609, 613 (7th Cir.2003).

The BIA's determination that Ago failed to establish past persecution is supported by substantial evidence. Ago's testimony, if believed, was that he was attacked by private individuals. But as the government argues in its brief, to establish a claim of persecution Ago must show that Albanian authorities perpetrated the attacks, condoned the attacks, or, at the very least, demonstrated a "complete helplessness" to protect him. *See Roman v. INS*, 233 F.3d 1027, 1034 (7th Cir.2000); *Galina v. INS*, 213 F.3d 955, 958 (7th Cir.2000); *Chitay–Pirir v. INS*, 169 F.3d 1079, 1081 (7th Cir.1999); *Hengan v. INS*, 79 F.3d 60, 62–63 (7th Cir.1996).

There is little evidence in the record about the Albanian government's involvement, if any, in the attacks Ago described. Ago testified that he went to the police after his neighbor shot at him, but to his knowledge the neighbor was never arrested. He surmised at his hearing that the police, who were members of the Socialist Party, were protecting his neighbor, but there is nothing in the record to support this assertion beyond Ago's subjective belief. As for the beating incident, there is nothing in the record to suggest that Ago even reported the attack to the police. It was Ago's burden to establish his eligibility for asylum, *see* 8 C.F.R. § 208.13, and he failed to do so. *See Meghani v. INS*, 236 F.3d 843, 846 (7th Cir.2001) (agency properly denied asylum where petitioner offered no evidence that government failed to protect him from attack by rival political group members).

Accordingly, the petition for review is DENIED.